## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSE HERNANDEZ, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | **Case No. 2:12cv475** |
| USF REDDAWAY, | |
| Defendant. | **Magistrate Judge Paul M. Warner** |

On October 15, 2012, all parties consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is USF Reddaway's ("Defendant") motion to dismiss for Jose Hernandez's ("Plaintiff") failure to effect service of process within 120 days of filing his complaint.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 15.

[2] *See* docket no. 2.

## I.  BACKGROUND

Defendant asserts that this case should be dismissed without prejudice because Plaintiff did not effect service within 120 days of filing his complaint, and when Plaintiff finally attempted to effect service, he did not serve the proper agents.  Plaintiff filed this action on May 14, 2012.  However, he did not attempt to effect service until September 17, 2012, which was one week after the 120-day time period.  Plaintiff attempted to effect service by sending certified mail to two locations.  However, instead of properly serving either an officer of Defendant or Defendant's registered agent, CP Corporation, Plaintiff sent service to two individuals who did not have authority to accept service.  Specifically, Plaintiff attempted service by mail to an employee of Defendant and an attorney in Ohio.  This attempt came after Defendant had already filed its motion to dismiss.

## II.  DISCUSSION

Under the Federal Rules of Civil Procedure, service of a corporation, partnership, or association is effected, inter alia, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(l)(B).  However, "[i]f a defendant is not served within 120 days after the complaint is filed" the court must grant an extension of time to do so if the plaintiff shows "good cause for the failure."  Fed. R. Civ. P. 4(m).  Where a plaintiff does not show good cause, a "court must still consider whether a permissive extension of time may be warranted."  *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see* Fed. R. Civ. P. 4(m).

In the instant matter, this court concludes that Plaintiff did not properly effect service. Plaintiff did not serve the summons and complaint within the 120-day period and he did not serve the proper person.  Instead of serving an officer or registered agent of Defendant, Plaintiff merely mailed service to Defendant's business address.  This is not sufficient under rule 4(h).

The court will now address whether Plaintiff has good cause for his delay in effecting service.  Plaintiff did not respond to Defendant's motion and has not provided any argument to show good cause for his failure to effect service in a timely manner.  Instead, Plaintiff submitted his Certificate of Service.  This fails to demonstrate any cause for the delay, much less good cause.  Accordingly, the court finds that Plaintiff has not shown good cause to for failing to timely serve Defendant.

However, as noted earlier, absent good cause, the court still has discretion to direct that service "be made within a specified time."  Fed. R. Civ. P. 4(m).  In determining whether to grant a permissive extension, courts generally consider factors such as (1) expiration of the statutes of limitations for a plaintiff's claims; (2) a plaintiff's efforts to properly effect service; (3) notice to the defendant of the lawsuit; (4) prejudice to the defendant; and (5) the complexity of the federal rules, especially when a plaintiff is proceeding pro se.  *See Espinoza*, 52 F.3d at 840-42; *McClellan v. Bd of Cnty. Comm'rs. of Tulsa Cnty.*, 261 F.R.D. 595,604-05 (N.D. Okla. 2009).

Here, these factors are persuasive to grant Plaintiff a brief extension to properly effect service.  Plaintiff did attempt service by mail, albeit incorrectly.  Defendant has notice of the lawsuit, both from the complaint and the attempted service.  Additionally, there does not appear

to be any prejudice to Defendant by permitting Plaintiff to have an extension of time to effect service.  Finally, the complexity of the rules of civil procedure militates in favor of granting an extension.

Although "[a] prose litigant is still obligated to follow the requirements" of rule 4 of the Federal Rules of Civil Procedure, courts have permitted pro se litigants to have a permissive extension because of the complexity of the rules.  *See Espinoza*, 52 F.3d at 841 (citation omitted).  Because Plaintiff is proceeding pro se, the complexity of rule 4(h) may have hindered his ability to properly serve Defendant.  While Plaintiff has failed to show good cause for his delay in effecting service, the court nevertheless concludes the factors persuade in favor of granting a permissive extension of time to serve Defendant.  Accordingly, Defendant's motion to dismiss is DENIED.

### III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**.  Plaintiff is ordered to properly effect service no later than September 3, 2013.  Failure to do so will result in his case being dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 16th day of August, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

4